1  PAUL L. REIN, Esq., (SBN 43053)
   LAW OFFICES OF PAUL L. REIN
2  200 Lakeside Drive, Suite A
   Oakland, CA 94612
3  Telephone:  510/832-5001
   Facsimile:   510/832-4787
4
   JULIE A. OSTIL, Esq. (SBN 215202)
5  LAW OFFICE OF JULIE OSTIL
   1989 Santa Rita Road, No. A-405
6  Pleasanton, CA 94566
   Telephone:  925/265-8257
7  Facsimile:   925/999-9465

8  Attorneys for Plaintiffs
   SUZANNE GARCIA AND TAMMY DENNISON

9

10

11              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF CALIFORNIA
12

13

14  SUZANNE GARCIA AND              CASE NO.
    TAMMY DENNISON,                 Civil Rights
15
          Plaintiffs,
16                                  COMPLAINT FOR PRELIMINARY AND
                                    PERMANENT INJUNCTIVE RELIEF AND
17  v.                              DAMAGES: DENIAL OF CIVIL RIGHTS
                                    AND ACCESS TO PUBLIC FACILITIES
18                                  TO PHYSICALLY DISABLED PERSONS,
                                    AND PER CALIFORNIA STATUTES
19  EXPOSÉ III; ANTHONY             (INCLUDING CIVIL CODE §§ 51, 52, 54,
    HWANG dba EXPOSÉ III;           54.1, 54.3, AND §55; and HEALTH &
20  DONLON GABRIELSEN;              SAFETY CODE §§19955, et seq.);
    AGNES GABRIELSEN; and           INJUNCTIVE RELIEF PER TITLE III,
21  DOES 1-10, Inclusive,           AMERICANS WITH DISABILITIES ACT
                                    OF 1990
22       Defendants.
    _____/        DEMAND FOR JURY TRIAL
23

24          Plaintiffs SUZANNE GARCIA AND TAMMY DENNISON

25  complain of Defendants EXPOSÉ III; ANTHONY HWANG dba EXPOSÉ III;

26  DONLON GABRIELSEN; AGNES GABRIELSEN; and DOES 1-10, Inclusive,

27  and each of them, and allege as follows:

28  //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -1-                    S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1      1.   **INTRODUCTION:**   This case involves the denial of access to

2  plaintiffs Suzanne Garcia and Tammy Dennison and other disabled persons at the

3  Exposé III store, located at 169 W. Polk St., Coalinga, California.  Plaintiffs

4  Suzanne Garcia and Tammy Dennison are each a "person with a disability" or

5  "physically handicapped person."  Plaintiffs each require the use of a motorized

6  wheelchair for locomotion and are unable to use portions of public facilities

7  which are not accessible to disabled persons who require the use of a wheelchair.

8  On multiple occasions within the past two years plaintiffs were denied their rights

9  to full and equal access at these facilities, and were denied their civil rights under

10  both California law and federal law, as hereinbelow described, because these

11  facilities were not, and are not now, properly accessible to physically disabled

12  persons who use wheelchairs.  Plaintiffs seek injunctive relief to require

13  defendants to make these facilities accessible to disabled persons and to ensure

14  that any disabled person who attempts to use the facilities will be provided

15  accessible entry and accessible paths of travel to and within the Exposé III store

16  (hereinafter "Store"), as well as other accessible facilities, according to proof.

17  On information and belief, defendants, through their agents, also evidenced

18  intentional discriminatory policies toward and intentionally discriminated against

19  plaintiffs as physically disabled persons, and on at least one occasion chased

20  plaintiffs away from the Store and otherwise discouraged entry or patronage by

21  wheelchair users.  Plaintiffs also seek recovery of damages for their

22  discriminatory experiences, and denial of access and of their civil rights, which

23  denial is continuing as a result of defendants' failure and refusal to provide

24  disabled accessible facilities and their enforcement of discriminatory policies.

25  Plaintiff Suzanne Garcia also suffered personal injuries on one occasion.

26  Plaintiffs also seek recovery of reasonable attorney fees, litigation expenses and

27  costs, according to statute.

28      2.   **JURISDICTION:**  This Court has jurisdiction of this action

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -2-   S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1  pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act
2  of 1990, 42 USC 12101, *et seq*. Pursuant to pendant jurisdiction, attendant and
3  related causes of action arising from the same facts are also brought under
4  California law, including but not limited to violations of California Government
5  Code §4450, *et. seq.*; Health & Safety Code §19955, *et seq*., including §19959;
6  Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,
7  54.1, 54.3 and 55.

8      3.   **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
9  and is founded on the fact that the real property which is the subject of this action
10  is located in this district and that plaintiffs' causes of action arose in this district.

11      4.   **INTRADISTRICT:** This case should be assigned to the Fresno
12  intradistrict as the real property which is the subject of this action is located in
13  this intradistrict and plaintiffs' causes of action arose in this intradistrict.

14      5.   **PARTIES:** Plaintiffs Suzanne Garcia and Tammy Dennison are each
15  qualified physically disabled persons who are limited in their mobility to walk
16  and who each require use of a motorized wheelchair for locomotion. Plaintiff
17  Suzanne Garcia is physically disabled due to degenerative spine disease (lumbar
18  disc protrusions), neuropathy due to diabetes, and other disabling conditions, all
19  requiring her to use a motorized wheelchair for mobility. Plaintiff Tammy
20  Dennison is disabled due to degenerative joint disease, arthritis, diabetes and
21  other physical conditions which make it difficult for her to move about without
22  the use of a motorized wheelchair. Defendants EXPOSÉ III; ANTHONY
23  HWANG dba EXPOSÉ III; DONLON GABRIELSEN; AGNES GABRIELSEN,
24  and Does 1-10, Inclusive, are the owners, operators, lessors, and lessees of the
25  business, property, building and/or portions thereof located at 169 W. Polk St.,
26  Coalinga, California, and its parking facilities. This Store, owned and operated
27  by defendants, is a "public accommodation and business establishment" subject to
28  the requirements of California Health & Safety Code §19955 *et seq.* and of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-                    S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1 California Civil Code §§ 51, 54, *et seq.* Such facilities have, since July 1, 1970,

2 undergone construction and/or "alterations, structural repairs, or additions"

3 subjecting such building to disabled access requirements per Health & Safety

4 Code §§ 19955-19959, *et seq.* Such alterations since July 1, 1982 also subjected

5 the building and property to requirements of California's Title 24, the State

6 Building Code. Further, irrespective of the alteration history, such premises are

7 subject to the "readily achievable" barrier removal requirements of Title III of the

8 Americans With Disabilities Act of 1990.

9    6.    The true names and capacities of Defendants Does 1 through 10,

10 Inclusive, are unknown to plaintiffs who therefore sue said defendants by such

11 fictitious names. Plaintiffs are informed and believe that each of the defendants

12 herein designated as a Doe is legally responsible in some manner for the events

13 and happenings herein referred to and caused injury and damages proximately

14 thereby to plaintiffs; plaintiffs pray leave of Court to amend this Complaint to

15 show such true names and capacities when the same have been ascertained.

16    7. Defendants EXPOSÉ III; ANTHONY HWANG dba EXPOSÉ III;

17 DONLON GABRIELSEN; AGNES GABRIELSEN, and Does 1-10, Inclusive,

18 are and were the owners, operators, lessors and lessees of the subject business,

19 property and/or building at all times relevant to this Complaint. Plaintiffs are

20 informed and believe that each of the defendants herein is the agent, employee or

21 representative of each of the other defendants, and performed all acts and

22 omissions stated herein within the scope of such agency or employment or

23 representative capacity and is responsible in some manner for the acts and

24 omissions of the other defendants in proximately causing the damages

25 complained of herein.

26 //

27 //

28 //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -4-    S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1
2
3

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC
ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY
(Calif. Health & Safety Code §§ 19955, *et seq.*, Civil Code §§ 54 and 54.1)**

4   8.   Plaintiffs replead and incorporate by reference, as if fully set forth

5   again herein, the factual allegations contained in Paragraphs 1 through 7, above,

6   and incorporate them herein by reference as if separately repled hereafter.

7   9.   Plaintiffs Suzanne Garcia and Tammy Dennison and other similarly

8   situated physically disabled persons who require the use of a wheelchair are

9   unable to use public facilities on a "full and equal" basis unless each such facility

10   is in compliance with the provisions of California Health & Safety Code

11   §§19955, *et seq.*, and Civil Code § 54.1 as to configuration and as to policy.

12   Plaintiffs are members of that portion of the public whose rights are protected by

13   the provisions of Health & Safety Code §§ 19955, *et seq.*, and Civil Code §§ 51,

14   54 and 54.1*ff.*

15   10.   Health & Safety Code §§ 19955 and 19955.5 were enacted "To

16   ensure that public accommodations or facilities constructed in this state with

17   private funds adhere to the provisions of Chapter 7 (commencing with Section

18   4450) of Division 5 of Title 1 of the Government Code." The Government Code

19   sections enacted in 1968 required provision of access in government buildings

20   upon new construction or alteration. In 1970 California Health & Safety Code

21   §§19955-19959 applied these standards to privately owned public

22   accommodations. On information and belief the provisions of both Health and

23   Safety Code §§ 19955 and 19955.5, apply to the retail establishment located at

24   169 W. Polk St., Coalinga, California. The code relating to such public

25   accommodations also requires that "When sanitary facilities are made available

26   for the public, clients, or employees ..., they shall be made available for persons

27   with disabilities." Title 24, California Code of Regulations, formerly known as

28   the California Administrative Code, was in effect at the time of each alteration

1   which, on information and belief, occurred at such public facility since July 1,

2   1982, thus requiring access complying with the specifications of Title 24

3   whenever each such "alteration, structural repair or addition" was carried out.  On

4   information and belief, defendants and/or their predecessors in interest carried out

5   alterations, structural repairs, or additions to the building during the period Title

6   24 has been in effect.  On information and belief, alterations, structural repairs, or

7   additions which triggered access requirements also occurred between July 1, 1970

8   and July 1, 1982, and required access pursuant to the A.S.A. (American Standards

9   Association) Regulations then in effect, pursuant to the incorporated provisions of

10  California Government Code §§ 4450*ff.*

11       11.   **FACTUAL STATEMENT:**    For two years prior to the filing of

12  this Complaint, plaintiffs Suzanne Garcia and Tammy Dennison have been

13  intended patrons of the Exposé III store located at 169 W. Polk St., Coalinga,

14  California.  Both plaintiffs live in Coalinga.  Both plaintiffs are qualified

15  physically disabled persons, as defined by all federal and California disability

16  access laws and regulations, and each plaintiff requires use of a motorized

17  wheelchair for mobility due to their respective disabilities.

18       12.   On multiple occasions within the past two years prior to the filing of

19  this Complaint, plaintiffs have each had difficulties with entrance and usage of

20  the Store, and were denied full and equal access to public accommodations and

21  public facilities while attempting to patronize the Store and/or travel on the

22  walkway passing in front of the Store.  Plaintiffs have often been deterred from

23  driving to the Store and to other stores which share a common parking area

24  because of the lack of properly configured, numbered and located disabled

25  parking spaces.  Both plaintiffs possess proper disabled placards issued by the

26  State of California.  Plaintiffs' difficulties and denials of access were due to

27  architectural barriers and policy violations, including but not limited to the

28  following:

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -6-                    S:\SLR\EXPOSE\EXPOSE.CMP.wpd

13.     During the month of February, 2007, plaintiffs Suzanne Garcia and Tammy Dennison, nearby residents of Coalinga, were shopping in the vicinity of the Store.  As plaintiffs attempted to enter the Store, a man, on information and belief Store owner defendant Anthony Hwang, came running to the entrance and ordered plaintiffs to "Stop!" and ordered them to stay out: "You can't come in here with those chairs!"  Later that day, having regained their composure, plaintiffs again attempted to enter and patronize the Store.  Although plaintiff Dennison was able to enter the Store with some difficulty, plaintiff Garcia believed that she would not be able to fit her motorized wheelchair through the doorway.  When plaintiff Dennison entered the Store, a metal security device and displays blocked her advance, so she had to back her wheelchair back out. Because plaintiff Dennison is able to leave her wheelchair and walk, with some difficulty, for short distances, plaintiff Garcia remained outside the Store, and watched plaintiff Dennison's wheelchair while plaintiff Dennison walked some steps into the Store.  Inside the Store she observed that virtually all paths of travel within the Store, including those between racks of clothing, were too narrow to allow any kind of wheelchair to pass through, thereby denying full and equal access.  Plaintiff Dennison, walking with some difficulty and pain, approached the counter, made a purchase, and left.

14.     On information and belief, not only is the doorway to the Store illegally narrow and inaccessible, but some form of metal security device inside the doorway makes it even more difficult to enter in a wheelchair.  Further, all public paths of travel inside the Store, and throughout the Store, are blocked to disabled persons who use a wheelchair for mobility, by the placement of clothing racks which do not leave sufficient room for a wheelchair to pass through.

15.     Plaintiffs, on multiple occasions within the past two years prior to the filing of this Complaint, were deterred from entering the Store due to its configuration, and also had difficulty passing by on the walkway at the front of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -7-          S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1  the Store, because defendants placed clothing racks on the walkway immediately
2  in front of the Store, and these racks blocked the walkway.  On several occasions
3  plaintiffs complained to defendants and their employees, but defendants
4  continued to use portions of the exterior walkway as a location for their clothing
5  racks, blocking full and equal access to disabled persons.

6      16.    On or about March 25, 2008, plaintiffs were traveling on the public
7  walkway outside the Store and attempted to pass between two clothing racks.
8  One of the racks fell upon plaintiff Suzanne Garcia while she passed in her
9  wheelchair.  While plaintiff Garcia was attempting to remove the rack from her
10  person, a woman who, on information and belief, is an owner or an employee of
11  the Store, pulled on the rack and thereby injured plaintiff Garcia in the process,
12  requiring plaintiff to obtain medical attention and incur medical expenses, as well
13  as suffering physical, mental and emotional injury.  Plaintiff Garcia required
14  emergency hospital treatment for a thumb sprain and fingernail wounds inflicted
15  by the subject employee to plaintiff's left thumb.  As a result of defendants'
16  denial of full and equal access, and of the specific requirement that disabled
17  persons be provided "full and free use of... sidewalks [and] walkways," per Civil
18  Code § 54, plaintiffs suffered special, general and statutory damages.

19      17.    Based on preliminary investigations by plaintiffs' representatives,
20  the physical property owned and operated by defendants and each of them was
21  constructed and is maintained in an inaccessible condition for use by physically
22  disabled persons with regard to a number of features which may adversely affect
23  plaintiffs as disabled wheelchair users should they attempt to return to the subject
24  facilities, all rendering these premises inaccessible to and unuseable by physically
25  disabled persons.  Such features include narrow "wall" aisles, narrow interior
26  aisles, excessively high counters, and the lack of a disabled accessible dressing
27  room, all in violation of the law.  Further, the disabled parking facilities are
28  illegally inadequate as to size and configuration of spaces, both as to those spaces

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1    serving the Exposé store and those serving other portions of the shopping center
2    that Exposé is a part of; on information and belief there are also an inadequate
3    number of disabled parking spaces. All facilities and policies of defendants must
4    be brought into compliance with all applicable federal and state code
5    requirements.

6         18.   Further, each and every violation of the Americans With Disabilities
7    Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
8    which are repled and incorporated herein, word for word, as if separately repled),
9    also constitutes a separate and distinct violation of  California Civil Code §54(c),
10   thus independently justifying an award of damages and injunctive relief pursuant
11   to California law, including but not limited to Civil Code §§ 54.3 and 55.

12        19.   Further, each and every violation of the Americans With Disabilities
13   Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
14   which are repled and incorporated herein, word for word, as if separately repled),
15   also constitutes a separate and distinct violation of California Civil Code
16   §54.1(d), thus independently justifying an award of damages and injunctive relief
17   pursuant to California law, including but not limited to Civil Code §§54.3 and 55.

18        20.   **INJUNCTIVE RELIEF:** Defendants have continued their
19   improper policies and maintained their architectural barriers despite multiple
20   complaints by both plaintiffs to managerial employees and other employees of
21   defendants, about the subject access deficiencies which have denied and continue
22   to deny plaintiffs full and equal access. Plaintiffs seek injunctive relief to
23   prohibit the acts and omissions of defendants as complained of herein which are
24   continuing on a day-to-day basis and which have the effect of wrongfully
25   excluding plaintiffs and other members of the public who are physically disabled
26   wheelchair users from full and equal access to these public facilities. Such acts
27   and omissions are the cause of humiliation and mental and emotional suffering of
28   plaintiffs in that these actions continue to treat plaintiffs as inferior and second

1  class citizens and serve to discriminate against them on the sole basis that they are
2  persons with disabilities and require the use of a wheelchair for movement in
3  public places. Plaintiffs are unable, so long as such acts and omissions of
4  defendants continue, to achieve equal access to and use of these public facilities,
5  and cannot safely return to use these facilities until they are made properly
6  accessible to disabled persons.  Plaintiffs allege that they intend to return and
7  patronize this Store, and the other specified facilities, including walkways and
8  parking, once legally required access has been provided.  The acts of defendants
9  have proximately caused and will continue to cause irreparable injury to plaintiffs
10  if not enjoined by this Court.

11       21.    Wherefore plaintiffs ask this Court to preliminarily and permanently
12  enjoin any continuing refusal by defendants to grant full and equal access to
13  plaintiffs in the respects complained of and to require defendants to comply
14  forthwith with the applicable statutory requirements relating to access for
15  disabled persons.  Such injunctive relief is provided by California Health &
16  Safety Code §19953 and California Civil Code §55, and other law.  Plaintiffs
17  further request that the Court award attorney fees, litigation expenses, and costs
18  pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of
19  Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

20       22.    **DAMAGES:** As a result of the denial of equal access to the facility
21  and due to the acts and omissions of defendants and each of them in owning,
22  operating, leasing, constructing, altering, and maintaining the subject facility,
23  plaintiffs suffered violations of their civil rights, including but not limited to
24  rights under Civil Code §§ 54 and 54.1, all to their damages per Civil Code §54.3,
25  including damages for physical, mental and emotional injuries, statutory damages,
26  and statutory treble damages, as hereinafter stated.  Defendants' actions and
27  omissions to act constitute discrimination against plaintiffs on the sole basis that
28  they were and are physically disabled and unable, because of the architectural

1  barriers created and/or maintained by the defendants in violation of the subject

2  laws, to use the public facilities on a full and equal basis as other persons.

3      23.    **TREBLE DAMAGES -** Plaintiffs have been damaged by

4  defendants' wrongful conduct and seek the relief that is afforded by Civil Code

5  §§54, 54.1, and 54.3.  At all times herein mentioned, defendants were fully aware

6  that significant numbers of potential users of their public facilities are and will be

7  physically disabled persons.  Further defendants knew that some of the

8  Store's patrons would be physically disabled persons, including wheelchair users

9  and other mobility-impaired persons, and would have need of facilities that

10 complied with California Title 24 and ADAAG standards for accessible facilities.

11 Despite this knowledge, defendants installed and maintained the physical barriers

12 complained of, and failed to remove these barriers even after plaintiffs' specific

13 complaints to management, and have failed to provide accessible facilities and

14 accessible and non-discriminatory policies as required by state and federal law.

15 Defendants have ignored specific complaints about the lack of proper disabled

16 access by plaintiffs and other wheelchair users.  Defendants have continued their

17 illegal and discriminatory policies and practices despite actual knowledge that

18 people with physical mobility disabilities attempt to patronize the subject Store

19 and encounter illegal barriers when they do so.

20     24.    **FEES AND COSTS:**  As a result of defendants' acts, omissions, and

21 conduct, plaintiffs have been required to incur attorney fees, litigation expenses,

22 and costs as provided by statute, in order to enforce plaintiffs' rights and to

23 enforce provisions of the law protecting access for disabled persons and

24 prohibiting discrimination against disabled persons.  Plaintiffs therefore seek

25 recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant

26 to the provisions of Civil Code §§ 54.3 and 55.  Additionally, plaintiffs' lawsuit

27 is intended to require that defendants make their facilities accessible to all

28 disabled members of the public, justifying "public interest" attorney fees,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -11-                    S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1  litigation expenses and costs pursuant to the provisions of California Code of

2  Civil Procedure §1021.5 and other applicable law.

3          WHEREFORE plaintiffs pray for relief as hereinafter stated:

4

5                      **SECOND CAUSE OF ACTION:**
                   **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
6          **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
                      **ON THE BASIS OF DISABILITY**
7

8      25.    Plaintiffs replead and incorporate by reference, as if fully set forth

9  again herein, the factual allegations contained in Paragraphs 1 through 24, above,

10 and incorporate them herein by reference as if separately repled hereafter.

11     26.    At all times herein mentioned, the Unruh Civil Rights Act, California

12 Civil Code §51(b), provided that:

13         All persons within the jurisdiction of this state are free and equal,
           and no matter what their sex, race, color, religion, ancestry, national
14         origin, disability, or medical condition are entitled to the full and
           equal accommodations, advantages, facilities, privileges, or services
15         in all business establishments of every kind whatsoever.

16 Per §51(f),

17         A violation of the right of any individual under the Americans With
           Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
18         violation of this section.

19     27.    Plaintiffs suffered damages as above described as a result of

20 defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple

21 regards, including but not limited to violations of the ADA, as described in the

22 Third Cause of Action, *infra*, the contents of which cause of action is

23 incorporated herein as if separately repled.  California Civil Code §52(a) provides

24 that each such violation entitles plaintiffs to

25         the actual damages, and any amount that may be determined by a
           jury, or a court sitting without a jury, up to a maximum of three times
26         the amount of actual damage but in no case less than four thousand
           dollars ($4,000), and any attorney's fees that may be determined by
27         the court in addition thereto...

28          WHEREFORE, plaintiffs pray for relief as hereinafter stated.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -12-       S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1

2

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*ff*

3     28.    Plaintiffs replead and incorporate by reference, as if fully set forth

4   again herein, the allegations contained in Paragraphs 1 through 27 of this

5   Complaint, and incorporate them herein as if separately repled.

6     29.    Pursuant to law, in 1990 the United States Congress made findings

7   per 42 USC §12101 regarding physically disabled persons, finding that laws were

8   needed to more fully protect "some 43,000,000 Americans [with] one or more

9   physical or mental disabilities;" that "historically, society has tended to isolate

10  and segregate individuals with disabilities;" that "such forms of discrimination

11  against individuals with disabilities continue to be a serious and pervasive social

12  problem;" that "the Nation's proper goals regarding individuals with disabilities

13  are to assure equality of opportunity, full participation, independent living, and

14  economic self-sufficiency for such individuals;" and that "the continuing

15  existence of unfair and unnecessary discrimination and prejudice denies people

16  with disabilities the opportunity to compete on an equal basis and to pursue those

17  opportunities for which our free society is justifiably famous..." As of 2008, the

18  number of disabled persons in the United States has substantially increased, and

19  is in excess of fifty million persons.

20    30.    Congress stated as its purpose in passing the Americans with

21  Disabilities Act (42 USC §12101(b))

22    It is the purpose of this Act

23    (1) to provide a clear and comprehensive national mandate for the
      elimination of discrimination against individuals with disabilities;

24

25    (2) to provide clear, strong, consistent, enforceable standards addressing
      discrimination against individuals with disabilities;

26    (3) to ensure that the Federal Government plays a central role in enforcing
      the standards established in this Act on behalf of individuals with

27    disabilities; and

28    (4) to invoke the sweep of congressional authority, including the power to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1         enforce the fourteenth amendment and to regulate commerce, in order to
2         address the major areas of <u>discrimination faced day-to-day</u> by people with
           disabilities. (Emphasis added)

3      31.    As part of the Americans with Disabilities Act, Public Law 101-336,

4  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations

5  and Services Operated by Private Entities" (42 USC 12181ff).  The subject

6  property and facility is one of the "private entities" which are considered "public

7  accommodations" for purposes of this title, per §301(7)(E), which includes any

8  "bakery, grocery store, clothing store,... shopping center, or other sales or rental

9  establishment."

10      32.    Pursuant to §302, 42 USC §12182, "No individual shall be

11  discriminated against on the basis of disability in the full and equal enjoyment of

12  the goods, services, facilities, privileges, advantages, or accommodations of any

13  place of public accommodation by any person who owns, leases, or leases to, or

14  operates a place of public accommodation."

15      33.    The specific prohibitions against discrimination included:

16  §302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

17  practices, or procedures when such modifications are necessary to afford such

18  goods, services, facilities, privileges, advantages, or accommodations to

19  individuals with disabilities...;"

20  §302(b)(A)(iii):  "a failure to take such steps as may be necessary to ensure that

21  no individual with a disability is excluded, denied service, segregated, or

22  otherwise treated differently than other individuals because of the absence of

23  auxiliary aids and services...:"

24  §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

25  barriers that are structural in nature, in existing facilities... where such removal is

26  readily achievable;"

27  §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

28  under clause (iv) is not readily achievable, a failure to make such goods, services,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -14-                  S:\SLR\EXPOSE\EXPOSE.CMP.wpd

1  facilities, privileges, advantages, or accommodations available through
2  alternative methods if such methods are readily achievable." The acts and
3  omissions of defendants set forth herein were in violation of plaintiffs' rights
4  under the ADA, Public Law 101-336, and the regulations promulgated
5  thereunder, 28 CFR Part 36*ff.*

6       34.    The removal of each of the barriers complained of by plaintiffs as
7  hereinabove alleged, were at all times herein mentioned "readily achievable"
8  under the standards of the Americans With Disabilities Act. As noted
9  hereinabove, removal of each and every one of the architectural barriers
10 complained of herein were also required under California law. Further, on
11 information and belief, alterations, structural repairs or additions since January
12 26, 1992 have also independently triggered requirements for removal of barriers
13 to access for disabled persons per §303 of the ADA.

14      35.    On information and belief, as of the date of each of the two
15 plaintiffs' encounters at the premises and as of the filing of this Complaint, the
16 subject premises have denied and continue to deny full and equal access to
17 plaintiffs and to other disabled persons, including wheelchair users, in other
18 respects, which violated plaintiffs' rights to full and equal access and which
19 discriminated against plaintiffs on the basis of their disabilities, thus wrongfully
20 denying to plaintiffs the full and equal enjoyment of the goods, services,
21 facilities, privileges, advantages and accommodations, in violation of §302 of the
22 ADA, 42 USC §12182. Plaintiffs seek injunctive relief as to all barriers which
23 may affect them and/or other mobility impaired persons on future visits to the
24 subject premises.

25      36.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,
26 §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of
27 the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiffs are being
28 subjected to discrimination on the basis of disability in violation of this title and

1  have reasonable grounds for believing that they are about to be subjected to

2  discrimination in violation of §302 and §303.  On information and belief,

3  defendants have continued to violate the law and deny the rights of plaintiffs and

4  other disabled persons to access to this public accommodation since on or before

5  plaintiffs' encounters as previously discussed.  Pursuant to §308(a)(2),

6      In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive
       relief shall include an order to alter facilities to make such facilities
7      readily accessible to and usable by individuals with disabilities to the
       extent required by this title.

8

9      37.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the

10 Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal

11 Regulations adopted to implement the Americans with Disabilities Act of 1990.

12 Plaintiffs are qualified disabled persons for purposes of §308(a) of the ADA who

13 are being subjected to discrimination on the basis of disability in violation of

14 Title III and who have reasonable grounds for believing that they will be

15 subjected to such discrimination each time that they may attempt to use the

16 property and premises.

17      WHEREFORE plaintiffs prays for relief as hereinafter stated:

18

19                          **PRAYER**

20      Plaintiffs pray that this Court:

21      1.    Issue a preliminary and permanent injunction directing defendants as

22 current owners, operators, lessors, and/or lessees of the property and premises to

23 modify the above described property and premises and related  facilities, as well

24 as modifying their policies and practices, so that each provides full and equal

25 access to all persons, including persons with physical disabilities who use a

26 wheelchair; and issue a preliminary and permanent injunction directing

27 defendants to provide facilities usable by plaintiffs and similarly situated persons

28 with disabilities, and which provide full and equal access, as required by law,

1  including appropriate changes in policy;

2       2.      Retain jurisdiction over the defendants until such time as the Court is

3  satisfied that defendants' unlawful policies, practices, acts and omissions, and

4  maintenance of inaccessible public facilities as complained of herein no longer

5  occur, and can not recur;

6       3.      Award to plaintiffs all appropriate damages, including but not

7  limited to statutory damages, general damages and treble damages in an amount

8  within the jurisdiction of the Court, all according to proof;

9       4.      Award to plaintiffs all reasonable statutory attorney fees, litigation

10 expenses, and costs of this proceeding as provided by law;

11      5.      For prejudgment interest pursuant to California Civil Code § 3291;

12      6.      Grant such other and further relief as this Court may deem just and

13 proper.

14

15 Dated: August 26, 2008          LAW OFFICES OF PAUL L. REIN
16                                 LAW OFFICE OF JULIE OSTIL
17
18                                 By PAUL L. REIN
19                                 Attorneys for Plaintiffs
                                   SUZANNE GARCIA and
20                                 TAMMY DENNISON

21                          **DEMAND FOR JURY**

22      Plaintiffs hereby demand a jury for all claims for which a jury is

23 permitted.

24 Dated: August 26, 2008          LAW OFFICES OF PAUL L. REIN
25                                 LAW OFFICE OF JULIE OSTIL
26
27                                 By PAUL L. REIN
28                                 Attorneys for Plaintiffs
                                   SUZANNE GARCIA and
                                   TAMMY DENNISON

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -17-          S:\SLR\EXPOSZ\EXPOSE.CMP.wpd