PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICE OF JULIE OSTIL
1989 Santa Rita Road, No. A-405
Pleasanton, CA 94566
Telephone: 925/265-8257
Facsimile: 925/999-9465

Attorneys for Plaintiffs
SUZANNE GARCIA AND TAMMY DENNISON

WARREN CAMPBELL, ESQ. (SBN 70375)
LONG WILLIAMSON & DELIS
400 North Tustin Avenue, Suite 370
Santa Ana, CA 92705

Attorneys for Defendants Expose III and
Anthony Hwang dba Expose III

EUGENE CHANG, ESQ. (SBN 209568)
STEIN & LUBIN LLP
600 Montgomery St., 14th Fl.
San Francisco, CA 94111

Attorneys for Defendants Donlon Gabrielsen and
Agnes Gabrielsen as individuals and as trustees
for the Gabrielsen Family Trust dated February 10, 1987,
amended and restated in its entirety on October 20, 1992

LODGED
APR 01 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

FILED
APR 03 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE GARCIA AND TAMMY DENNISON, <br><br> Plaintiffs, <br><br> v. <br><br> EXPOSÉ III; ANTHONY HWANG dba EXPOSÉ III; DONLON | CASE NO. 1:08-CV-01344-OWW-DLB <br> <u>Civil Rights</u> <br><br><br><br><br> CONSENT DECREE and ORDER |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB

E:\CONSENT DECREE draft 3-18-09.wpd

| | |
|---|---|
| 1 | GABRIELSEN; AGNES GABRIELSEN; and DOES 1-10, |
| 2 | Inclusive, |
| 3 | Defendants. |

1.   Plaintiffs SUZANNE GARCIA AND TAMMY DENNISON filed a Complaint in this action on August 27, 2008, to obtain recovery of damages for her discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants EXPOSÉ III; ANTHONY HWANG dba EXPOSÉ III; DONLON GABRIELSEN; and AGNES GABRIELSEN, relating to the condition of their public accommodations as of Plaintiff's visits during the two years preceding the filing of the complaint and particularly on or about February of 2007 and March 25, 2008, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at the Expose III store in Coalinga, California.

2.   Defendants EXPOSÉ III; ANTHONY HWANG dba EXPOSÉ III; DONLON GABRIELSEN; and AGNES GABRIELSEN deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation and without the admission of any liability.

**JURISDICTION:**

3.   The parties to this Consent Decree agree that the Court has

1 jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of
2 the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and
3 pursuant to supplemental jurisdiction for alleged violations of California Health
4 & Safety Code §§ 19955 *et seq.*; Title 24, California Code of Regulations; and
5 California Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

6     4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

    WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

## SETTLEMENT OF INJUNCTIVE RELIEF:

    5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

    6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

    a) **Remedial Measures:** The corrective work agreed upon by the parties is attached here to as Attachment A. Defendants agree to undertake all of the remedial work set forth therein.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB

-3-

E:\CONSENT DECREE draft 3-18-09.wpd

        b) **Timing of Injunctive Relief**: Defendants will submit plans for all corrective work to the appropriate governmental agencies within 30 days of the entry of this consent decree by the Court. Defendants will commence work within 30 days of receiving approval from the appropriate agencies. Defendants will complete the work within 30 days of commencement. For work not requiring building permits, the work will be completed within 60 days of entry of this Consent Decree and Order by the Court. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

7. The parties have reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs: Defendants will pay Tammy Dennison $10,000 and Suzanae Garcia $11,000 within 15 days of this agreement, by check to "Paul Rein in trust for S. Garcia and T. Dennison" for all damages including personal injury and civil rights damages; Defendants will pay $49,000 within 15 days to "Paul Rein" in settlement for all claims of Attorneys fees, litigation costs and expenses.

**ENTIRE CONSENT ORDER:**

8. This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties that is

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB

-4-

E:\CONSENT DECREE draft 3-18-09.wpd

not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to Plaintiff's claims for injunctive relief and also resolves all of Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiffs SUZANNE GARCIA AND TAMMY DENNISON; Defendants EXPOSÉ III; ANTHONY HWANG dba EXPOSÉ III; DONLON GABRIELSEN; AGNES GABRIELSEN; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542** ~~AS TO INJUNCTIVE RELIEF ONLY~~:

10. The following release language applies only to the disputes between Plaintiffs and Defendants, and to any ongoing cross-claims between the respective defendants and cross-claimants, but not to lease obligations and occupancy thereunder:

Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree and the obligations of the defendants under the lease, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB            -5-            E:\CONSENT DECREE draft 3-18-09.wpd

except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree and the obligations of the defendants under the lease, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to aspects of this action.

11. Except for all obligations required in this Consent Decree and the obligations of the defendants under the lease, all claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB

-6-

E:\CONSENT DECREE draft 3-18-09.wpd

1 | Order, or until the injunctive relief contemplated by this Order is completed,
2 | whichever occurs later. The Court shall retain jurisdiction of this action to
3 | enforce provisions of this Order for twelve (12) months after the date of this
4 | Consent Decree, or until the injunctive relief contemplated by this Order is
5 | completed, whichever occurs later. If defendants provide satisfactory proof to
6 | plaintiff that they have satisfied all conditions of this consent decree, at any time,
7 | plaintiff will join with defendants in a motion/stipulation requesting termination
8 | of the court's jurisdiction and the consent decree will no longer be in effect.

## SEVERABILITY:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: 03/25/2009            PLAINTIFF SUZANNE GARCIA

                             /s/ Suzanne Garcia
                             _____
                             SUZANNE GARCIA

Dated: 3/25, 2009            PLAINTIFF TAMMY DENNISON

                             /s/
                             _____

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB          -7-          E:\CONSENT DECREE draft 3-18-09.wpd

TAMMY DENNISON

Dated: 3-25, 2009

DEFENDANT ANTHONY HWANG dba
EXPOSE III

By: _____
ANTHONY HWANG

Dated: 3-26, 2009

DEFENDANT DONLON GABRIELSEN

_____
DONLON GABRIELSEN, as an individual and
trustee for the Gabrielsen Family Trust dated
February 10, 1987, amended and restated in its entirety
on October 20, 1992

Dated: 3-26, 2009

DEFENDANT AGNES GABRIELSEN

_____
AGNES GABRIELSEN, as an individual and
trustee for the Gabrielsen Family Trust dated
February 10, 1987, amended and restated in its entirety
on October 20, 1992

APPROVED AS TO FORM:

Dated: MARCH 25, 2009

PAUL L. REIN
CELIA McGUINNESS
LAW OFFICES OF PAUL L. REIN

JULIE OSTIL
LAW OFFICE OF JULIE OSTIL

By: _____
Attorneys for Plaintiffs
SUZANNE GARCIA AND TAMMY
DENNISON

LAW OFFICES OF
PAUL L. REIN
30 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB

-8-

E:\CONSENT DECREE draft 3-18-09.wpd

Dated: 3/25/09, 2009

WARREN CAMPBELL
LONG WILLIAMSON & DELIS

By: *[signature]*
Attorneys for Defendants EXPOSÉ, III;
ANTHONY HWANG dba EXPOSÉ III

Dated: 3/25, 2009

EUGENE CHANG
STEIN & LUBIN LLP

By: *[signature]*
Attorneys for Defendants DONLON
GABRIELSEN; AGNES
GABRIELSEN as individuals and co-trustees
for the Gabrielsen Family Trust dated
February 10, 1987, amended and restated in its entirety on October 20, 1992

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 4-2-, 2009

*[signature]*
Honorable ~~DENNIS L. BECK~~
United States District ~~Magistrate~~ Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:08-CV-02090 JAM/DLB

-9-

E:\CONSENT DECREE draft 3-18-09.wpd

# ATTACHMENT A

I. ACCESSIBLE ROUTE: Defendants will provide and maintain an accessible route between the public right-of-way and the subject property, including placing wheel stops/wheel guards and handrails on both sides of the accessible ramp at the northeast corner of the parking lot.

II. PARKING: There are seven designated disabled parking spaces. Defendants will make each of them code compliant, including but not limited to:

   A. Provide code compliant signage;
   B. Re-stripe to provide compliant size and accessible aisles;
   C. Replace existing curb ramps with compliant curb ramps that do not encroach into the parking spaces or aisles;
   D. Ensure compliant slopes by regrading and/or relocating parking spaces number 3 and 4 near the empty store front on the north side of the parking lot, while maintaining the spaces as close as practicable to an accessible entrance;
   E. Raise the cover of the Christy box (utility box) in parking space number 6 near the Starbucks store so that the parking space is level at that point.

III. STORE:

   A. Path of travel:

      1. Establish and enforce a written policy that the exterior walkway will be maintained at 48" wide and will not be obstructed by displays, furniture, or any other object;
      2. Remove or secure the rubber walk-off mat to the surface at entrance;
      3. Add a 10" kick plate at the bottom of push side(s) of entry door;
      4. Adjust entry door push pressure and maintain at 5 lbs.;
      5. Add proper ISA signage on entry door;
      6. Maintain a clear area on the interior side of the store that is at least 48" from the interior face of the anti-theft device.

   B. Interior:

      1. Counters:

         a. Transaction counter: lower the counter to maximum 34" high for a minimum run of 36";
         b. Display counter: Train employees and place signage with disability symbol "Please Ask if You Need Assistance;

2. Circulation:

    a. Provide and maintain an accessible route that is a minimum of 36" wide along any perimeter wall that is used for the display or sale of merchandise;
    b. Provide and maintain an accessible route that is a minimum of 36" wide next to "long table" displays;
    c. Provide and maintain an accessible route that is a minimum of 32" wide between merchandise display carousels, racks and displays;
    d. Remove any object that protrudes into the circulation space more than 4" and is mounted between 27" and 80" from the finished floor.

3. Dressing Rooms: Provide one fully code compliant accessible dressing room.